# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GOSPEL ASSEMBLY CHURCH OF HOUMA, INC.** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **DISTRICT JUDGE HON.** |
| **VERSUS** | |
| **OCEAN HARBOR CASUALTY INSURANCE COMPANY** | **MAGISTRATE JUDGE HON.** |
| **Defendant.** | |

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the
United States District Court for the
Eastern District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Ocean Harbor Casualty Insurance Company ("Defendant" or "Ocean Harbor"), without waiving any of its defenses or objections, who respectfully submits this Notice of Removal of the above captioned civil action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby removes this matter to the United States District Court for the Eastern District of Louisiana based on diversity jurisdiction, 28 U.S.C. § 1332 and avers as follows:

**I.**

Gospel Assembly Church of Houma, Inc (the "Plaintiff"), filed a lawsuit on August 21, 2023, styled *Gospel Assembly Church of Houma, Inc. v. Ocean Harbor Casualty Insurance Company*, bearing the suit No. 197554, in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, against Defendant, Ocean Harbor Casualty Insurance Company.[1]

---

[1] See Plaintiff's Petition for Damages, attached hereto as **Exhibit "A"**.

Page **1** of **8**

**II.**

Plaintiff alleges that its properties located at 1000 Roussell Street, Houma, Louisiana 70360; 1000 A Roussell Street, Houma, Louisiana 70360; 1000 Roussell Street, Apt. B, Houma, Louisiana 70360; 1000 Roussell Street, Apt. C, Houma, Louisiana, 70360; and 1006 Roussell Street, Houma, Louisiana 70360 were "severely" damaged as a result of Hurricane Ida.[2] Plaintiff alleges that its insurer, Ocean Harbor, failed to perform under the policy and breached the duties of good faith and fair dealing.[3] Plaintiff seeks various damages based on the alleged loss occurring in Terrebonne Parish.[4]

**III.**

Ocean Harbor desires to have this cause of action removed from the docket of the 32nd Judicial District to the docket of the United States District Court for the Eastern District of Louisiana under the provisions of 28 U.S.C. §§ 1332 and 1441.

**BASIS FOR REMOVAL**

**IV.**

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1332 because (1) there exists complete diversity of citizenship between Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. §1441.

---

[2] *Id.* at paragraphs 1,6.
[3] *Id.* at paragraphs 20-21.
[4] *Id.* at paragraph 26.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

### V.

Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a).

1. Plaintiff is domiciled in Terrebonne Parish, Louisiana.[5]
2. Defendant, Ocean Harbor Casualty Insurance Company, is a foreign insurer incorporated pursuant to the laws of the State of Florida with its principal place of business in Florida.

## AMOUNT IN CONTROVERSY

### VI.

Additionally, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

### VII.

Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, a defendant is not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'"[6]

---

[5] *Id.* at Introductory Paragraph.
[6] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

**VIII.**

Louisiana Code of Civil Procedure Article 893 A(1) articulates the following requirements for a plaintiff pleading a specific amount of monetary damages:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La. C.C.P. art. 893, thus, requires a plaintiff to state generally that their claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Plaintiff's Petition failed to allege a specific monetary amount of damages in its Petition. Where a petition does not specify a monetary demand, it is nonetheless removable if it is facially apparent from the petition that the claims are likely to exceed $75,000.[7] Here, the Petition failed to provide information sufficient to show that the claims were likely to exceed $75,000.

**IX.**

If a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, that Louisiana case law will then resemble any other amount-in-controversy case, bringing into play the foundational rule of removal jurisdiction: The plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000.[8]

---

[7] *Davis v. State Farm Fire & Cas.,* No. 06-0560, 2006 WL1581272, slip op. at 2 (E.D. La. June 7, 2006); *St. Paul Reins. Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).
[8] *Grant*, 309 F.3d at 869.

**X.**

Defendant is able to prove that the claim likely exceeds $75,000 by setting forth the facts in controversy that support a finding of the requisite amount.[9] In connection with proving that the amount of controversy likely exceeds $75,000, Ocean Harbor attaches **Exhibit B**, Plaintiff's initial disclosure pleading, dated May 10, 2024, wherein Plaintiff admits to a claimed loss related to alleged Hurricane Ida damages in the amount of $301,230.68.[10] Thus, because Plaintiff's claimed loss is over $300,000.00, it is clear that the amount in controversy exceeds the $75,000.00 jurisdictional threshold for removal to this Court.

**XI.**

Therefore, while Defendant neither admits liability nor any element of damages alleged by Plaintiff, Defendant has met the burden of establishing the amount in controversy is in excess of $75,000, exclusive of interest and costs.

### DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

**XII.**

Ocean Harbor received information from Plaintiff, namely Plaintiff's Response to Initial Discovery Protocols,[11] which made this matter removable on May 10, 2024. As such, the thirty-day delay to file this Notice of Removal began to run on May 10, 2024. Thus, this Notice of Removal is timely filed by Defendant, as it is filed not more than thirty (30) days after receipt of the "paper from which it may first be ascertained that the case is one in which is or has become removable," by Ocean Harbor, in accordance with 28 U.S.C. §§ 1441 and 1446(b)(3).

---

[9] *Id*. at 868.
[10] See Plaintiff's Initial Disclosure Pleading attached hereto as **Exhibit "B"**.
[11] See **Exhibit B** at page 6.

Plaintiffs' Petition for Breach of Contract and Damages was served on the Louisiana Secretary of State on October 17, 2023, which was sent via certified mail to Ocean Harbor on October 18, 2023, and received by Ocean Harbor on October 30, 2023.[12] Pursuant to 28 U.S.C. § 1446(b)(1), and this Courts previous decision in *O'Shea v. Ocean Harbor Casualty Insurance*, "defendants need not 'remove cases prematurely' for 'fear of accidentally' missing the 30-day window of § 1446(b)(1) when the initial pleading does not obviously satisfy removal criteria."[13] Because Plaintiff's state court action assigned no specific monetary amount to their damage claims and the amount in controversy was not apparent therein, the delay for removal of the instant action began to run upon receipt of the "other paper" giving rise to its removability. Here, the "other paper" which gave rise to removability was Plaintiff's Response to Initial Discovery Protocols seeking $301,230.68 in damages, an amount in controversy in excess of the $75,000.00 threshold for diversity jurisdiction. As the "other paper" giving rise to removability was received on May 10, 2024, Ocean Harbor has timely removed this matter despite the fact that it was received after the action was instituted.

Thus, this Notice of Removal of the case to the United States District Court is timely filed by Defendant, as it is filed not more than thirty (30) days after receipt of the "other paper" giving rise to its removability and not more than one (1) year after commencement of the action.

## XIII.

The 32nd Judicial District Court for the Parish of Terrebonne is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in the Eastern

---

[12] See suit details from Louisiana Secretary of State's website and certified mail receipt, showing dated received of October 30, 2023, attached hereto as **Exhibit "C"**.
[13] *O'Shea v. Ocean Harbor Cas. Ins. Co.*, 2023 U.S. Dist. LEXIS 159943, *6 (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (internal citations omitted).

District of Louisiana in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

### XIV.

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this Notice, as required by 28 U.S.C. § 1446(a).

### X.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne.

### XVI.

This action is removable under and by virtue of the acts of Congress of the United States and the Defendant desires to remove it to this Court.

Accordingly, Defendant, Ocean Harbor Casualty Insurance Company, asks that the above-captioned action be removed to this Court, the United States District Court for the Eastern District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq*.

Date: June 7, 2024

[Signature Block on Next Page.]

Respectfully submitted:

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

 /s/James W. Hailey, III
JAMES W. HAILEY, III (#23111)
LENA D. GIANGROSSO (#31464)
ERICA L. LAROUX (#40622)
CARLEY FAUCHEAUX (#37676)
Lewis Brisbois Bisgaard & Smith, LLP
400 Poydras Street, Suite 1300
New Orleans, LA  70130
Phone:  504-322-4100/Fax:  504-754-7569
Email: James.Hailey@LewisBrisbois.com
Lena.Giangrosso@LewisBrisbois.com
Carley.Faucheaux@LewisBrisbois.com
Erica.Laroux@LewisBrisbois.com
*Counsel for Defendant, Ocean Harbor Casualty Insurance Company*